NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL CESAR MUNIZ-CUNHA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1392 <br><br> Agency No. A208-208-947 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2024**
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Petitioner Rafael Cesar Muniz-Cunha, a native and citizen of Brazil, seeks

review of an order of the Board of Immigration Appeals ("BIA") affirming a

decision by the Immigration Judge ("IJ") denying his applications for asylum and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. Petitioner's unopposed motion to submit, Dkt. 27, is
granted. *See* Fed. R. App. P. 34(a)(2).

withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citing *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (quoting *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022)). "Under the substantial evidence standard, factual findings are 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Flores Molina*, 37 F.4th at 632 (quoting 8 U.S.C. § 1252(b)(4)(B))).

Petitioner "bears the burden of proving eligibility for asylum and must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Duran-Rodriguez*, 918 F.3d at 1028 (citing 8 U.S.C. § 1101(a)(42)). "Thus, Petitioner has the burden of establishing that (1) [his] treatment rises to the level of persecution or that [he] has a well-

---

[1] Petitioner has waived review of his Convention Against Torture claim by failing to argue it on appeal. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

founded fear of future persecution; (2) the persecution was or would be on account of one or more protected grounds; and (3) the persecution was or would be committed by the government, or by forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021).

Here, substantial evidence supports the BIA's determination that Petitioner did not meet his "burden of proving that government officials were, or would be, unable or unwilling to control his brother-in-law." Petitioner bases his claims on a series of threats and attacks by Petitioner's "brother-in-law," Savio Barbosa Braga ("Savio").[2] However, Petitioner did not report any of these incidents to the police because he believed the police would be ineffective and he feared retaliation from Savio. In February 2016, Savio brought three of his friends to beat Petitioner. Petitioner believed these friends were police officers because of their dress, but he admitted that none of the men stated they were police officers. He also testified that the Brazilian police had previously responded to Savio's crimes: Savio was arrested "many times" in 2014 for crimes such as car theft, which led to periods of incarceration ranging from a few days to a week. Though a petitioner "need not have reported that persecution to the authorities," he must "convincingly establish

---

[2] For consistency, we refer to Savio as Petitioner's "brother-in-law" as the BIA and IJ did.

3

that doing so would have been futile or have subjected him to further abuse." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Even with the submitted country conditions evidence, however, the record does not compel a contrary finding, as required to overturn the BIA's determination. *See Manzano*, 104 F.4th at 1206.

Without a showing of the government's inability or unwillingness to control persecution, Petitioner's withholding claim necessarily fails as well. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004).

**PETITION DENIED.**